O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA G. WILLIAMS | Case No. ED CV 15-1010 JCG |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Wanda G. Williams ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits.  Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed the opinions of (1) treating physician Dr. David Wong, and (2) treating psychologist Dr. Mirou Dom.  (*See* Joint Stip. at 5, 11-18, 21, 29-31.)  The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  An ALJ is allowed to consider the opinion of a licensed

1

1  psychologist in the same way as that of a physician. *See McAllister v. Sullivan*, 888

2  F.2d 599, 602 (9th Cir. 1989); 20 C.F.R. §§ 404.1513(a)(1)-(2), 404.1527,

3  416.913(a)(1)-(2), 416.927.

4      A.      The ALJ Properly Assessed Dr. Wong's Opinion

5      Here, the ALJ properly assigned "little weight" to Dr. Wong's checklist form

6  opinion that Plaintiff would miss more than three days of work a month, for two

7  reasons. (AR at 18, 30, 1261-62.)

8      First, the extent of the limitations in Dr. Wong's opinion was not supported by

9  the relatively mild findings in the record. (AR at 18); *see Batson v. Comm'r Soc. Sec.*

10  *Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) ("[I]t was permissible for the ALJ to give

11  [the treating physician's opinion] minimal evidentiary weight, in light of the objective

12  medical evidence and the opinions and observations of other doctors.") For example,

13  (1) a July 2010 bilateral knee MRI showed only slight narrowing and mild sclerotic

14  changes; (2) a July 2011 MRI was normal; (3) a September 2011 x-ray showed only

15  mild degenerative changes; (4) examinations, including by Dr. Wong, showed full or

16  normal range of motion in Plaintiff's knees. (*Id.* at 16-17, 126-27, 417, 434, 440, 527,

17  608, 751, 808, 1002-03, 1408, 1569, 1578, 1615.)

18      Second, Plaintiff's treatment primarily consisted of e-mail exchanges rather than

19  visits to her doctors. (AR at 17-18, 882, 893, 898, 947, 953-54, 984-85, 1003-05,

20  1019, 1023, 1027-29, 1037-38, 1041-42, 1061-62, 1086, 1093, 1096-97, 1100-01,

21  1131, 1157, 1162, 1169, 1251-52, 1255-56); *see Orn v. Astrue*, 495 F.3d 625, 631 (9th

22  Cir. 2007); 20 C.F.R. §§ 404.1527(c), 416.927(c) (weight accorded to treating

23  physician's opinion dependent on length of treatment relationship, frequency of visits,

24  and nature and extent of treatment received, as well as opinion's consistency with

25  record as a whole); *Strickler v. Colvin*, 2015 WL 5675842, at *4 (W.D. Wash. Aug. 19,

26  2015) (series of e-mails between treating physician and claimant "fail[ed] to show the

27  type of longstanding treatment relationship . . . such that the ALJ was required to give

28  [treating physician's] opinion greater weight"). Significantly, (1) Plaintiff testified that

she began seeing Dr. Wong only six months before the June 2014 administrative hearing[1], and (2) Dr. Wong saw her only four times. (*Id*. at 30-31, 34-35, 1577-79, 1593-95, 1615, 1631.)

Thus, the ALJ properly rejected Dr. Wong's opinion.

B.    The ALJ Properly Assessed Dr. Dom's Opinion

The ALJ also properly assigned "little weight" to Dr. Dom's checklist form opinion that Plaintiff had moderate to marked mental limitations and would miss more than three days of work a month, for two reasons. (AR at 18, 30, 1264-65.)

First, Dr. Dom's opinion was inconsistent with the record, including his own assessment. (AR at 18); *see Batson*, 359 F.3d at 1197; *Zettelmier v. Astrue*, 387 F. App'x 729, 731-32 (9th Cir. 2010) (internal inconsistency within doctor's own opinion provided proper basis to discredit it). For example, (1) Plaintiff's mental status exams were generally normal; (2) Dr. Dom assessed Plaintiff's depression as mild; and (3) Plaintiff admitted, well into the relevant period, that her mental symptoms did not limit her ability to work, and she did not feel the need to see a psychiatrist.[2] (*Id*. at 17-18, 48-49, 339, 352, 355, 966, 1073-74, 1189, 1462.)

Second, Plaintiff was not compliant with her medications and appointments. (AR at 18, 124); *see Owen v. Astrue*, 551 F.3d 792, 799-800 & n.3 (8th Cir. 2008) (ALJ properly considered claimant's "noncompliance for purposes of determining the weight to give [doctor's] medical opinions"); *Miller v. Astrue*, 2011 WL 836441, at *4 (C.D. Cal. Mar. 8, 2011) ("A claimant who applies for . . . social security disability benefits may be found not disabled . . . absent 'a good reason for failing or refusing to take part in a consultative examination or test which [the Administration] arrange[d] for [claimant] to get information [it] need[ed] . . . .'" (citations omitted)).

---

[1]    Dr. Wong's treatment did not begin until almost three years after Plaintiff alleged she became disabled. (AR at 11, 35, 1577.)

[2]    Dr. Dom's treatment did not begin until two years after Plaintiff alleged she became disabled. (AR at 11, 1070.)

Significantly, (1) treatment notes indicated Plaintiff was not compliant with medications and appointments; (2) Plaintiff admitted at the administrative hearing that she did not see Dr. Dom "too often"; and (3) Plaintiff failed to show up for a consultative psychiatric evaluation.  (*See id*. at 30-31, 35-36, 38-39, 41, 716, 741, 1568, 1070-72, 1088.)

Thus, the ALJ properly rejected Dr. Dom's opinion.

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.


DATED:  December 18, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge


\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

4